UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT JAY WOOTEN JR.,

Plaintiff,

-against-

COUNTY OF WESTCHESTER; WESTCHESTER DEPARTMENT OF CORRECTIONS; WELLPATH MEDICAL INC.; MEDICAL DIRECTOR RAUL ILLOA; OFFICER MARTIN; OFFICER PORTILLO; SGT. NABORS; SGT. KRUMP; J. TEJADA; AW DAVIS; J. SPANO,

Defendants.

**ORDER OF SERVICE**

26-CV-06465 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff Robert Jay Wooten, Jr., who currently is incarcerated at the Westchester County Jail, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his rights secured by the First and Fourteenth Amendments. He also asserts common law claims of assault and battery. The Court liberally construes the complaint as asserting additional claims under New York law, namely, a statutory claim under New York Civil Rights Law § 85 and a common law claim of medical malpractice. Plaintiff names as defendants: (1) County of Westchester; (2) Westchester Department of Corrections; (3) Wellpath Medical Inc.; (4) Medical Director Raul Illoa; (5) Officer Martin; (6) Officer Portillo; (7) Sgt. Nabors; (8) Sgt. Krump; (9) J. Tejada; (10) AW Davis; and (11) J. Spano. He seeks $60 million in monetary relief.

By order dated August 10, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the following reasons, the Court directs service on Defendants.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the assistance of the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

("USM-285 form") for each Defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

The Clerk of Court is instructed to issue a summons for each Defendant, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail an information package to Plaintiff.

**SO ORDERED.**

Dated: August 10, 2026
White Plains, New York

PHILIP M. HALPERN
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. County of Westchester
Westchester County Law Department
Michaelian Office Building, Suite 600
148 Martine Avenue
White Plains, NY 10601

2. Westchester County Department of Corrections
10 Woods Road
Valhalla, NY 10595

3. Wellpath Medical Inc.
6550 Carothers Parkway, Suite 500
Franklin, TN 37067

   Wellpath Medical Inc.
   Westchester County Department of Corrections
   10 Woods Road
   Valhalla, NY 10595

4. Medical Director Raul Illoa
Westchester County Department of Corrections
10 Woods Road
Valhalla, NY 10595

5. Officer Martin
Westchester County Department of Corrections
10 Woods Road
Valhalla, NY 10595

6. Officer Portillo
Westchester County Department of Corrections
10 Woods Road
Valhalla, NY 10595

7. Sgt. Nabors
Westchester County Department of Corrections
10 Woods Road
Valhalla, NY 10595

8. Sgt. Krump
Westchester County Department of Corrections
10 Woods Road
Valhalla, NY 10595

9. J. Tejada, Assistant Warden
Westchester County Department of Corrections
10 Woods Road
Valhalla, NY 10595

10. Assistant Warden Davis
Westchester County Department of Corrections
10 Woods Road
Valhalla, NY 10595

11. J. Spano, Commissioner
Westchester County Department of Corrections
10 Woods Road
Valhalla, NY 10595